GEORGE C. SICKLICK, Respondent, Appellant, v. MICHEL SCHASSEUR and Another, Defendants, Impleaded with PITT & SCOTT, INC., and Another, Appellants, Respondents.

First Department, June 15, 1928.

*Copal Mintz* of counsel [*Alexander Kahan*, attorney], for the plaintiff.

*Ralph Stout* of counsel [*Frederick B. Merkle* with him on the brief; *Merkle & Merkle*, attorneys], for the defendants Pitt & Scott, Inc., and Edward N. Whiting.

MERRELL, J.   The complaint sets forth the plaintiff's demand for judgment in two separate causes of action.   The order of the Special Term from which the appeals have been taken denied the motion of the defendants to dismiss for insufficiency on the face thereof as to the first cause of action and held that the plaintiff had therein alleged facts sufficient to constitute a cause of action.

As to the second cause of action the court at Special Term held that said cause of action was good only as against the defendant Michel Schasseur, and, therefore, as to the defendants, appellants, granted their motion to dismiss the second cause of action.

The complaint is very poorly and inartificially drawn, but we think there is no doubt that in the first cause of action the court properly held there were facts alleged sufficient to constitute a cause of action. Therein the plaintiff alleges his residence in the State of New York, and that the incorporated defendants were domestic corporations; that the defendant Schasseur was and still is a resident of Paris, France. The residence of appellant Whiting is not alleged but he voluntarily appeared in the action. Plaintiff then alleges that in or about January, 1927, and for about seven years prior thereto, he had been engaged in the business of buying, selling and dealing in iron and steel products and accessories and parts for automobiles, and in taking and placing orders for said commodities, and had built up a substantial and valuable good will in the United States and in Canada, France, England and other countries of Europe, in Asia, and in South Africa, and enjoyed a large number of valuable and exclusive agencies, and that he had the confidence and patronage of large numbers of customers in said countries, and conducted a highly profitable business, worth, in January, 1927, at least $75,000. Plaintiff then alleges that the defendant Schasseur, by certain promises, induced the plaintiff to enter into an arrangement in the nature of a joint venture of copartnership with h m; that said Schasseur proposed that they organize a corporation to take over, develop and carry on plaintiff's said business; that plaintiff should turn over his said business to said corporation, together with all his agencies, contracts, trade and data; that said Schasseur would pay into said corporation the sum of $50,000 in cash and turn over to it the automobile part and accessory business which he was conducting outside of France; that each was to share equally in the net profits to be derived from the enterprise, and together operate and control the new corporation; that plaintiff, as his account and share of the profits, was to receive $125 per week while he was in Paris or in New York, and $175 a week while traveling or elsewhere; that the said defendant was making said proposition in good faith, and that he was anxious and intended to carry out the same, if plaintiff acquiesced thereto; that in reliance upon said promises and arrangement so entered into between the plaintiff and Schasseur and the latter's promise to carry out such proposal, the plaintiff, at defendant's request, returned to New York city and arranged for the organization of a corporation with the defendants Pitt & Scott, Inc., and Edward

N. Whiting, to whom the plaintiff was referred by the defendant Schasseur as said defendant's agents for said purpose. In the 9th clause of plaintiff's complaint he alleges that the defendants Pitt & Scott, Inc., and Whiting, from time to time during the months of February, March and April, 1927, represented to plaintiff that the purpose of the incorporation was to take over plaintiff's said business and to promote and extend the same through the combined efforts of the plaintiff and the defendant Schasseur, and with the aid of the defendant's said $50,000, and to the mutual and equal gain and benefit of the plaintiff and the defendant Schasseur; that in or about the month of March, 1927, the defendant Schasseur requested the plaintiff to go to France for the purpose of managing the said corporation's business in Europe and take charge of its sales, and that the plaintiff leave and turn over to the defendants Pitt & Scott, Inc., and Whiting the details of the incorporation and the organization of said corporation and to turn over to said defendants all his files, data and information relative to plaintiff's said business and good will and to fully instruct them as to the conduct of said business to the end that said defendants Pitt & Scott, Inc., and Whiting should be able in plaintiff's absence to fully and ably conduct his said business at the United States end thereof. Plaintiff alleges that, relying upon defendant's aforesaid representations and believing that in doing so he would further his and the defendant Schasseur's mutual interest, he did turn over to the defendants Pitt & Scott, Inc., and Whiting all his files and information and the conduct thereof and left for France. Plaintiff further alleges that after his return to France and during the month of May, 1927, the defendants Pitt & Scott, Inc., and Whiting caused a corporation to be formed under the Stock Corporation Law of the State of New York under the name of International Steel Products Corporation, the other non-appealing defendant herein, and that relying upon said representations the plaintiff upon his return to France and until the latter part of July, 1927, devoted all his time and efforts to the promotion and management of the business of said corporation. Plaintiff further alleges that in reliance upon defendant's said representations and believing that the defendant Schasseur would in good faith and honestly intended to carry out his part of the agreement, the plaintiff completely transferred to the defendants his said business and turned over to them the names and addresses of all of his European, Asiatic and South African customers as well as the names and addresses of all manufacturers and distributors in the United States and Canada with whom plaintiff had dealt, and that the defendants came into complete possession and control of plaintiff's entire busi-

ness and his good will and profits, and that thereafter and in or about July, 1927, the defendants, without any justification whatsoever, ousted the plaintiff from said business and from the defendant International Steel Products Corporation, and denied and refused him any participation in said business and in the management and the profits thereof, and denied and refused him any and all connection with and right to an interest in said business and said corporation. Plaintiff alleges that each and every of the representations made to him were false and fraudulent at the time they were made and known by the defendants to be false and fraudulent, and were made for the purpose of inducing plaintiff to part with and transfer his said business and in furtherance of the scheme of the defendants to acquire said business without paying plaintiff the value thereof or any part of such value, and that the defendant Schasseur never intended to associate himself with plaintiff in the latter's said business or to give plaintiff the one-half interest in the corporation, nor to share with plaintiff the profits of such business, but, on the contrary, intended to cheat and defraud the plaintiff of his said business, and in order to do so conceived of the fraudulent plan and scheme of inducing plaintiff to transfer his said business to a corporation upon the pretense and lure that defendant would invest in said corporation the sum of $50,000 cash and plaintiff would have a one-half interest in said corporation and its profits, while said defendant in truth and in fact intended to give plaintiff nothing and let plaintiff keep nothing after said defendant or his said corporation had fully acquired plaintiff's said business. Plaintiff further alleges in his first cause of action that to carry out said scheme the defendant Schasseur procured the defendants Pitt & Scott, Inc., and Whiting to do all the acts done by them as hereinbefore alleged, and that each and all of the defendants knowingly and willfully conspired with each other to carry out said fraudulent scheme and that said defendants did carry out said fraudulent scheme and acquired the plaintiff's business and are retaining and enjoying the same, and plaintiff has received nothing therefor, and that the defendants refused and still refuse to issue any part of the stock of the defendant International Steel Products Corporation to plaintiff and have failed and refused to provide for the payment to plaintiff of any part of the net profits of the defendant International Steel Products Corporation, and that by reason thereof plaintiff has permanently lost the whole or the greater part of his said former business, and that the defendants have deprived plaintiff and have cheated and defrauded him of his said business, all to his damage in the sum of $75,000.

It seems to us these allegations, while cumbersome and inartistically drawn, are sufficient to charge a cause of action against the defendants for fraud and deceit and for conspiring together to injure and defraud the plaintiff. We, therefore, think the court very properly held the first cause of action in said complaint good.

As to the second cause of action, which the court at Special Term held was good only as against the individual defendant Schasseur, we think that there were sufficient facts therein alleged not only to charge the defendant Schasseur, but to charge the defendants, appellants, with complicity in the fraudulent scheme and with conspiring with said Schasseur to the injury and damage of the plaintiff. The second cause of action is to recover the same amount of money upon the theory that the plaintiff is entitled to recover from the defendants the value of his said business because of the defendants' repudiation of the agreement under which the plaintiff turned over his business to said defendants and the latter's retention of said business and the conversion thereof to their own use after such repudiation, failure and refusal to perform the agreement on their part. In the second cause of action the plaintiff repeats and realleges the first, second, third, fourth and fifth allegations of the complaint contained in his first cause of action. These are the formal allegations as to the residence of plaintiff and the defendant Schasseur, the corporate capacity of the defendants, appellants, and the existence of plaintiff's business. Then follows a repetition of the allegations of the first cause of action as to the promises and representations made by the defendant Schasseur to the plaintiff, and subsequent acts of the defendants and their obtaining control of plaintiff's property and business, their repudiation of the agreement entered into between the plaintiff and the defendant Schasseur, and refusal to perform its terms. Not only does the second cause of action charge the defendant Schasseur with repudiation of the contract, but by the 26th clause of the complaint the plaintiff alleges that the defendants, appellants, aided and abetted in procuring and converting to defendants' use the plaintiff's said business as aforesaid, with full knowledge that upon the completion of the transfer thereof to the defendant International Steel Products Corporation the said agreement would be completely repudiated by defendants, and that plaintiff would be denied participation in said corporation; and that " said defendants and each of them, upon information and belief, aided and abetted said repudiation, and knowingly and willfully participated in all the acts, herein complained of, of the defendants and each or any of them." Plaintiff then alleges that the fair and reasonable

value of said business, trade, good will, assets and property was and is of the fair and reasonable value of $75,000 and that there is due and owing to plaintiff from defendants that sum of money, with interest from July 1, 1927. Judgment is demanded against the defendants in the action for $75,000, besides interest.

We think the second cause of action contains allegations sufficient to charge the defendants, appellants, with conspiring with the defendant Schasseur, and in aiding and abetting him in repudiating his contract with the plaintiff.

It follows that, upon the appeal of the defendants, the order appealed from should be affirmed; and that upon the appeal of the plaintiff, the order appealed from should be reversed, with ten dollars costs and disbursements to the plaintiff, and defendants' motion denied, with ten dollars costs, with leave to defendants, appellants, to answer on payment of said costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order so far as appealed from by defendants Pitt & Scott, Inc., and Edward N. Whiting affirmed; so far as appealed from by plaintiff order reversed, with ten dollars costs and disbursements to the plaintiff, and motion denied, with ten dollars costs, with leave to defendants, appellants, to answer on payment of said costs.